IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

OREGON HEALTH & SCIENCE )
UNIVERSITY, )
 )
      Plaintiff, )   Civil No. 01-1272-HU
 )
v. )
 )
VERTEX PHARMACEUTICALS, INC., )   OPINION
 )   AND ORDER
      Defendant. )
 )

    Robert D. Newell
    James D. Zupancic
    Patricia L. McGuire
    DAVIS WRIGHT TREMAINE L.L.P.
    1300 S.W. Fifth Avenue
    Portland, Oregon  97201
        Attorneys for Plaintiff,

    David W. Axelrod
    Denise M. Graves
    SCHWABE, WILLIAMSON & WYATT P.C.
    Pacwest Center, Suites 1600-1900
    1211 S.W. Fifth Avenue

1   - ORDER

Portland, Oregon  97204

James F. Haley, Jr.
Jeanne C. Curtis
Robert B. Wilson
Elinor K. Shin
Gail A. Katz
FISH & NEAVE
1251 Avenue of the Americas
New York, New York  10020
    Attorneys for Defendant.

HAGGERTY, Chief Judge:

On July 31, 2002, Magistrate Judge Hubel granted defendant's motion to compel (doc. #40) and ruled against the disclosure of experts reviewing confidential documents. Defendant has timely filed objections. The matter is now before me pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). Judge Hubel's order, or any portion thereof, shall be modified or set aside if clearly erroneous or contrary to law. *United States v. Abonce-Barrera*, 257 F.3d 959, 968 (9th Cir. 2001). The order (doc. #51) is modified in part and affirmed in part.

THE MOTION TO COMPEL

Plaintiff initially retained Davis, Wright, Tremaine (DWT) to conduct a preliminary analysis of any claims that plaintiff might have against defendant arising out of the alleged omission of plaintiff's research scientist, Dr. Gold, from five of defendant's patents related to the stimulation of nerve growth. During these investigations, an attorney for DWT interviewed an ex-employee of defendant. After plaintiff subsequently retained DWT for this litigation, a DWT attorney interviewed two ex-employees of defendant in order to investigate facts and develop strategy for the case. According to DWT the attorney did not disclose his or her strategy or mental processes to the ex-employees. *See* Ex. 10.

2   - ORDER

///

Defendant seeks to discover the identity of these ex-employees whom DWT interviewed and the substance of their conversations with DWT. Specifically, defendant brought a motion to compel a more complete answer to its interrogatory #8, which states:

> Identify any Vertex employee or former employee that OHSU, Dr. Gold, their attorneys, anyone retained by them or anyone acting on their behalf, communicated with since June 1, 1996 and identify when the communications took place and who was present, and describe the substance of the communication in detail.

Plaintiff objected to interrogatory #8 on the basis of work product.

Judge Hubel granted defendant's motion to compel "to the extent that plaintiff shall provide additional information in response to interrogatory 8 by supplementing its initial disclosures, including only information required by Rule 26(a)(1)(A) . . . . [T]hat supplementation shall include all ex-employees of defendant that plaintiff intends to or may rely on for prosecution of its claims or defenses." Order at 2. In response to this order, plaintiff supplemented its initial disclosures with the names of 57 current and former employees of defendant.

This long list of names is unhelpful to defendant. Defendant seeks a response to interrogatory #8 – the names of the individuals to whom plaintiff spoke, who are confirmed to have knowledge relating to this case, and the substance of the conversations. It does not want the names of all people likely to have discoverable information that plaintiff may use to support its claims or defenses.

ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) states that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including . . . the identity and

3   - ORDER

location of persons having knowledge of any discoverable matter." Discovery is limited by, among other things, the work product doctrine. An attorney's work product, reflected in interviews, statements, memoranda, correspondence, briefs, and mental impressions, are not discoverable except upon an adverse party's demonstration of substantial need or inability to obtain the equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3). *See also Admiral Ins. Co. v. United States Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989).

Interrogatory #8 requests of plaintiff (1) the names of the ex-employees with whom plaintiff spoke; (2) the dates of these conversations; (3) who was present; and (4) the substance of these communications in detail. The names of the ex-employees, the dates of these conversations, and the names of those who were present are not protected by the work product doctrine. First, plaintiff has already provided the names of the ex-employees to defendant in its supplemental disclosure of 57 current and ex-employees. Plaintiff has simply failed to identify which of the 57 people were spoken to regarding this case. Second, disclosure of the mere names of the people present and the dates of these conversations reveals nothing about the thought processes of the attorney who interviewed them. Accordingly, Judge Hubel's order must be modified to require plaintiff to provide the names of the ex-employees, the dates of the conversations, and who was present.

Interrogatory #8 also requests plaintiffs to describe the substance of its conversations with defendant's ex-employees, "in detail." Defendant seeks to discover what the ex-employees told plaintiff, in plaintiff's words. Such a summary may reveal attorney work product, by providing to defendant those facts that the attorney believed relevant and what line of questioning he or she pursued. After speaking with these ex-employees itself, defendant could compare the information gleaned from the ex-employees

with the information plaintiff provided.  Absent a showing by defendant of substantial need for the substance of plaintiff's conversations with these individuals, plaintiff is not compelled to answer this final part of interrogatory #8.  Judge Hubel's order is affirmed in this regard.

THE DISCLOSURE OF EXPERTS VIEWING CONFIDENTIAL DOCUMENTS

The subject matter of this litigation pertains to confidential pharmaceutical research.  Defendant is concerned that the many thousands of pages of confidential and sensitive documents it has produced to plaintiff will be disclosed to third-party experts who are defendant's competitors.  To prevent disclosure to those with potential conflicts of interest, Judge Hubel's order allows either party to submit to its opponent a list of those who may have conflicts regarding the issues in this case.  Each side can then choose any expert not on the list to review the other party's confidential documents.

Defendant believes that this order fails to protect its proprietary information adequately.  Instead, under the scheme it requests, each party should be required to provide to the other the name and curriculum vitae of experts who will have access to information designated confidential under the protective order.  The parties would then have an opportunity to object before the disclosure of confidential information.  Plaintiff objects to this scheme, arguing that the disclosure of the names of its non-testifying experts and their curriculum vitae will reveal its trial strategy, violating work-product protections.

///

ANALYSIS

As justice so requires, a court may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7).  The Ninth Circuit employs a balancing test to determine what special measures should be taken, weighing the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of claims.  *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

Defendant maintains that submitting a list of prohibited experts is unworkable.  It states that it would be "virtually impossible" for it to identify comprehensively all potential competitors, much less supplement the list as new experts and companies enter the field.  Plaintiff, on the other hand, asserts that defendant's suggestion that it disclose the names and curriculum vitae of all non-testifying experts who are reviewing defendant's confidential documents will reveal the particular focus of the party retaining the expert, thus revealing the mental processes and impressions of counsel.

Weighing the risks to each side, the court finds that Judge Hubel's order must be modified as follows: each party is ordered to identify by name and city of residence each expert reviewing the other's confidential documents.  It is not necessary to provide the curriculum vitae of these non-testifying experts.

**CONCLUSION**

Judge Hubel's order (doc. #51) is modified in part.  Defendant's motion to compel    (doc. #40) a complete answer to interrogatory #8 is granted insofar as plaintiff will disclose the names of ex-employees with whom it communicated, when the communications took place, and who was present.  In

addition, each party will disclose to the other the name and city of residence of every expert who will review documents designated as confidential under the protective order.

**IT IS SO ORDERED.**

Dated this  24  day of October, 2002.

                                      **/s/ Ancer L.Haggert**y
                                                Ancer L. Haggerty
                                        United States District Judge